IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON BINGHAM, ) | |
| No. R-23138, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00100-JPG |
| ) | |
| DERRICK WOOLSEY, ) | |
| JAMES LUTH, and ) | |
| ASSISTANT WARDEN MOSS, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jason Bingham, an inmate in Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on a December 22, 2014, incident Plaintiff characterizes as excessive force.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] It remains to be seen whether Plaintiff exhausted available administrative remedies before filing suit on January 30, 2015.  *See* 42 U.S.C. § 1997e.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On December 22, 2014, Plaintiff Bingham was in the prison gym bench-pressing weights. C/O Woolsey announced that the gym was closing. Woolsey approached Plaintiff and pushed down on the weight bar Plaintiff was using, saying that he would let the weights "smash" Plaintiff's chest (Doc. 1, p. 4)—presumably unless Plaintiff stopped what he was doing. As explained in the complaint, "Plaintiff thought nothing of it but the next night the Plaintiff wrist pain woke the Plaintiff up out of his sleep" [sic] (Doc. 1, p. 4).

The complaint cites the Eighth and Fourteenth Amendments and specifies that Plaintiff is bringing suit against C/O Woolsey in his individual and official capacities, for "intentional infliction of emotional distress" (Doc. 1, p. 4). A claim is also asserted against Warden James Luth for failing to properly train C/O Woolsey, and being "deliberately indifferent" to Woolsey's conduct (Doc. 1, p. 4). Nominal, compensatory and punitive damages are sought.

Based on the allegations in the complaint, and in consideration of Plaintiff's *pro se* status, the Court liberally construes the complaint as asserting the following claims:

> **Count 1:** C/O Woolsey used excessive force against Plaintiff, in violation of the Eighth Amendment;
>
> **Count 2:** Warden James Luth was deliberately indifferent to a serious risk of harm, in violation of the Eighth Amendment; and
>
> **Count 3:** C/O Woolsey and Warden James Luth intentionally inflicted emotional distress upon Plaintiff, in violation of Illinois common law.

The Eighth Amendment is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *See Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). There is nothing in the complaint to suggest a due process claim; therefore, the Court has only cited to the Eighth Amendment and not recognized a specific Fourteenth Amendment claim.

## Discussion

**Defendant Moss**

As a preliminary matter, Assistant Warden Moss, who is named in the caption of the complaint but not mentioned at all in the narrative of the complaint, must be dismissed. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For reasons explained in Count 2, dismissal shall be with prejudice.

**Count 1**

Count 1 alleges that C/O Woolsey used excessive force against Plaintiff, in violation of the Eighth Amendment. The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). When prison officials are accused of using excessive force against an

inmate, "[t]he claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Hudson v. McMillian*, 503 U.S.1, 6 (1992)).

Woolsey pushing down on the weight bar as described in the complaint does not amount to excessive force, nor does it evidence malicious and sadistic intent to cause harm. By Plaintiff's own account, he "thought nothing of it" at the time, except that it was "bogus" (Doc. 1, p. 4). Not every "malevolent touch" implicates the Constitution. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The use of *de minimis* force, so long as it "is not of a sort repugnant to the conscience of mankind," does not amount to an Eighth Amendment violation. *Id.* at 9-10. Count 1 will, therefore, be dismissed with prejudice.

**Count 2**

Count 2 alleges that Warden James Luth was deliberately indifferent to a serious risk of harm, in violation of the Eighth Amendment. More specifically, it is asserted that Warden Luth failed to properly train C/O Woolsey, and was deliberately indifferent to Woolsey's conduct. Count 2 fails for several reasons and will be dismissed with prejudice.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The *respondeat superior* doctrine—liability merely because one is a supervisor—does not apply to Section 1983 actions. *See*, e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other

words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011).

Because C/O Woolsey did not commit a constitutional violation, there is no basis for liability on the part of Warden Luth (or Assistant Warden Moss). Furthermore, there are no allegations regarding Warden Luth's personal involvement. Finally, insofar as Count 2 is based, at least in part, on an alleged "failure to train," such an Eighth Amendment claim can be brought against a municipality, but *cannot* be brought against an individual. *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005).

**Count 3**

Count 3 is a state law claim for intentional infliction of emotional distress. Counts 1 and 2 were brought under Section 1983, thereby affording this federal court original jurisdiction over this case (*see* 28 U.S.C. § 1331). A court with original jurisdiction over a case may exert supplemental jurisdiction over state law claims—such as Count 3—that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. However, once the basis for original jurisdiction lapses—as has occurred with the dismissal of Counts 1 and 2—there is a presumption that the district court will decline supplemental jurisdiction, leaving the plaintiff to bring his state law claims in state court. *RWJ Mgmt. Co., Inc. v. BP Prods. North Am., Inc.,* 672 F.3d 476, 479–80 (7th Cir. 2012) (citing *Al's Sev. Ctr. V. BP Prods N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for intentional infliction of emotional distress. Count 3 will be dismissed without prejudice to Plaintiff bringing suit in state court.

**Disposition**

IT IS HEREBY ORDERED that, for the reasons stated, the Section 1983 claims presented in **COUNTS 1 and 2** are **DISMISSED with prejudice**.

IT IS FURTHER ORDERED that this district court **DECLINES SUPPLEMENTAL JURISDICTION over COUNT 3**, the state law claim for intentional infliction of emotional distress brought against C/O Woolsey and Warden James Luth; accordingly, **COUNT 3** is **DISMISSED without prejudice** to Plaintiff presenting that claim in state court.

IT IS FURTHER ORDERED that, having dismissed all federal claims against all Defendants on the merits and with prejudice, Defendants **C/O DERRICK WOOLSEY, WARDEN JAMES LUTH and ASSISTANT WARDEN MOSS** are each **DISMISSED with prejudice.**

This dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

The Clerk of Court is **DIRECTED** to enter judgment accordingly, closing this case.

**IT IS SO ORDERED.**

**DATED: February 25, 2015**

*s/J. Phil Gilbert*
**United States District Judge**